Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 465 | **DATE** | 1/10/2005 |
| **CASE TITLE** | USA vs. Phillips | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, Government's motion in limine to exclude the statements of Kimmie Whitehead [#43] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 11 2005 | |
| | Notified counsel by telephone. | date docketed | 46 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/10/2005 | |
| MD | courtroom deputy's initials | date mailed notice MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 03 CR 465 |
| ) | Judge Joan H. Lefkow |
| RICKY PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**
JAN 1 1 2005

## MEMORANDUM OPINION AND ORDER

The government has filed a motion *in limine* seeking to exclude the purported third party confession of witness Kimmie Whitehead ("Whitehead"), which defendant, Ricky Phillips ("Phillips"), has indicated he will seek to admit at trial. For the reasons stated below, the motion is granted.

Phillips is charged with being a felon in possession of a firearm. On December 7, 2002, Whitehead, who was arrested with Phillips and informed of her *Miranda* rights, was in an interview room along with other individuals arrested in other cases and various police officers. Chicago Police Officer Darlene Rodriguez, who was in the interview room, overheard Whitehead state that the gun in question was hers, that she had gotten the gun from her uncle, and that "they" were taking the gun to sell it for drugs. According to Officer Rodriguez, Whitehead was not speaking to any officer and was not being questioned when she made the statement.

On May 2, 2003, agents of the Bureau of Alcohol, Tobacco, and Firearms ("ATF") interviewed Whitehead. At that time, Whitehead claimed that the gun was in her possession at all times and that Phillips was wholly unaware of the firearm until after their arrest.

On May 6, 2003, during an interview in the United States Attorneys' offices, after first

46

repeating the story she had given to the ATF agents on May 2, 2003, Whitehead stated that she lied during the May 2 interview and that Phillips did in fact possess the gun. Whitehead stated that she had lied to protect Philips, who is the father of one of her children, and that she believed, given the nature of her criminal background, that she would get into less trouble than Phillips if she claimed the gun was hers.

Also on May 6, 2003, Whitehead testified before the Special 2002-1 Grand Jury. Whitehead was fully advised of her rights prior to her testimony and acknowledged that anything she said could be used against her and that she was under oath and could be prosecuted for perjury if she lied during her testimony before the grand jury. Whitehead testified that she, Phillips, and Kevin Bell were riding in a car together on the evening of the arrest. When they were stopped by the police, Phillips handed the gun to Whitehead and told her to hide it. Whitehead testified that she and Phillips then got out of the car, knocked the police officer down, and ran to a nearby building where they climbed to the roof. Whitehead testified that, once on the roof, Phillips hid the gun under a vent. She testified that she did not remember exactly when she gave Phillips back the gun because she had taken drugs that day and did not recall all of the details of what happened.

On October 8, 2004, ATF agents again interviewed Whitehead. This time, Whitehead told the agents that Phillips had never had possession of the firearm, either on or off the roof of the building and that the prosecutor had coerced her to lie to the Grand Jury by threatening to take away her children.

Phillips has indicated that he will seek to introduce Whitehead's statements from December 7, 2002, May 2, 2003, and October 8, 2004 as declarations against interest under

2

Federal Rule of Evidence 804(b)(3). This rule permits hearsay testimony to be admitted at trial if the declarant is unavailable as a witness and the statement, at the time of its making,

> so far tended to subject the declarant to civil or criminal liability, . . . that a reasonable person in the declarant's position would not have mad the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

In *United States v. Garcia*, 897 F.2d 1413 (7th Cir. 1990), the Seventh Circuit set forth a three-part test for determining the admissibility of a statement under Rule 804(b)(3). "A court must find that, (1) the declarant's statement was against the penal interest of the declarant, (2) corroborating circumstances indicate the trustworthiness of the statement, and (3) the declarant must be unavailable." *Id.* at 1420.

The parties agree that the statements Phillips seeks to introduce are against Whitehead's penal interest under the first prong of the *Garcia* test. Furthermore, because Whitehead has advised the court that she would invoke her Fifth Amendment right against self-incrimination if called to testify, she is "unavailable" to testify under the third prong of the *Garcia* test. *See Garcia*, 897 F.2d at 1420. Thus, the issue before the court is whether corroborating circumstances indicate the trustworthiness of the statements.

Whitehead's December 7, 2002, statement is ambiguous. Her claim that the gun was hers in no way excludes the possibility that Phillips possessed the gun. Ownership and possession are wholly distinct concepts. Furthermore, Whitehead stated that "they" were taking the gun to sell it for drugs. This statement further undermines any attempt to draw a conclusion about which of the two possessed the gun.

Of the remaining four statements at issue, in two of them Whitehead indicated that

3

Phillips never possessed the gun and in two others she indicated that he did possess the gun. One of the latter statements was made under oath before a Grand Jury after Whitehead was fully advised that she could be prosecuted for perjury if she lied. This weighs heavily against a finding that the contrary statements are trustworthy. *See United States v. Moore*, 936 F.2d 1508, 1517 (7th Cir. 1991) (holding that the trial court did not err in finding that unsworn post-arrest statement lacked trustworthiness where declarant recanted much of the statement under oath during a court proceeding). The fact that Whitehead later recanted her Grand Jury testimony, claiming that the Assistant United States Attorney threatened to take away her children if she did not lie, may cast some doubt on the trustworthiness of the Grand Jury testimony, but it is insufficient to shift the balance in favor of a finding that her statements contrary to that testimony are trustworthy.

Furthermore, Phillips is the father of one of Whitehead's children. The Seventh Circuit has held that a close relationship between the declarant and the defendant weighs against a finding of corroborating circumstances. *United States v. Silverstein*, 732 F.2d 1338, 1346 (7th Cir. 1984). The court explained that the corroboration requirement of Rule 804(b)(3) reflects the long-standing concern that "a criminal defendant might get a pal to confess to the crime the defendant was accused of, the pal figuring that the probability of his actually being prosecuted either for the crime or for perjury was slight." *Id.* This concern is clearly present here, given that Whitehead explained to ATF agents on May 6, 2003, that she initially had lied about Phillips never possessing the gun to protect Philips and that she believed, given the nature of her criminal background, that she would get into less trouble than Phillips if she claimed the gun was hers.

Finally, Chicago Police Officer James Burke claims that he saw Phillips in possession of

4

the gun. This further undermines the trustworthiness of Whitehead's statements that Phillips never possessed the gun.

The court finds no corroborating circumstances that "*clearly* indicate" the trustworthiness of Whitehead's statements. FRE 804(b)(3) (emphasis added). Thus, the court grants the government's motion *in limine* to exclude the statements of Kimmie Whitehead.

## CONCLUSION

For the reasons stated above, the court grants the government's motion *in limine* to exclude the statements of Kimmie Whitehead [#43].

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 10, 2005

5